**Jacques Garabet MAKSOUDIAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72059.

United States Court of Appeals, Ninth Circuit.

Submitted July 19, 2010.*

Filed July 30, 2010.

Gary Joel Silbiger, Culver City, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carol Federighi, Esquire, Senior Litigation Counsel, Justin Robert Markel, Trial, OIL, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Jacques Garabet Maksoudian, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS,* 345 F.3d 777, 782 (9th Cir.2003), and we deny in part and grant in part the petition for review.

The BIA did not abuse its discretion in denying Maksoudian's motion to reopen to apply for asylum and withholding because it was untimely and number-barred, *see* 8 C.F.R. § 1003.2(c)(2), and Maksoudian failed to establish changed country conditions in Lebanon to qualify for the regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is .... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asy-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lum now has a well-founded fear of future persecution.").

Because the BIA failed to address Maksoudian's CAT claim in denying the motion to reopen, we remand for the BIA to determine if reopening is warranted. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005) ("The BIA [is] not free to ignore arguments raised by a petitioner.").

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.